UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DERRICK R. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:11-cv-192-JMS-DKL |
| | ) | |
| SUPERINTENDENT, WABASH VALLEY CORRECTIONAL FACILITY, | ) ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Amended Petition for Writ of Habeas Corpus**

Indiana prisoner Derrick Johnson seeks a writ of habeas corpus with respect to a prison disciplinary proceeding. He was given a period of time in which to file an amended habeas petition in which coherent claims were to be asserted.

The amended petition for a writ of habeas corpus was filed on August 22, 2011, and is subject to review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*

The disciplinary proceeding Johnson challenges took place on May 12, 2011, and is not otherwise identified. The writ Johnson seeks can be issued only if the court finds that he Ais in custody in violation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. ' 2254(a). The deficiency he alleges, however, is that proceeding was conducted in violation of provisions of the Uniform Commercial Code ("UCC"). Provisions of the UCC, however, have not been placed among the limited due process protections made applicable to prison disciplinary proceedings. Those protections are specified in *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974), and in *Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985). Johnson's allegations do not suggest any infirmity based on the pertinent guarantees of these Supreme Court decisions.

Because Johnson's amended habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to *Rule 4*. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/13/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana